

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2004

# USA v. Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1979

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Martinez" (2004). *2004 Decisions.* Paper 592.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/592

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1979
_____

UNITED STATES OF AMERICA

v.

LISANDRO MARTINEZ,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 02-CR-00313)
District Judge:  Mary A. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2004

BEFORE:  RENDELL and COWEN, Circuit Judges, and
SCHWARZER,* Senior District Judge

(Opinion Filed:  June 17, 2004)

---

*The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

1

SCHWARZER, Senior District Judge:

Lisandro Martinez pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). Martinez timely appealed the sentence imposed by the district court, but his counsel has filed an *Anders* brief asserting that the appeal raises no nonfrivolous issues and moving to withdraw. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We will dismiss the appeal and grant counsel's motion.

## FACTUAL AND PROCEDURAL HISTORY

The presentence report ("PSR") stated that Martinez had been convicted of six prior controlled-substances crimes as an adult. He had pled guilty and was sentenced for five of those crimes in a consolidated proceeding. The PSR recommended that the district court find Martinez an armed career criminal under United States Sentencing Guideline ("U.S.S.G.") § 4B1.4, and calculated Martinez's criminal history category to be VI. Martinez did not object to the PSR. The district court adopted the PSR's conclusions and sentenced Martinez to 188 months' imprisonment, the bottom of the guideline range.

Martinez appealed, but his counsel has filed an *Anders* brief asserting that there are no nonfrivolous appellate issues. Martinez did not file a pro se brief opposing

the motion, but he apparently instructed his counsel to raise two issues on his behalf:

> A. That the Appellant is not subject to Sentencing Guideline Section 4B1.4(b)(3)(A) calling for a base offense level of 34 for a defendant who is classifiable as an armed career criminal and that as a result his base offense level should be 28 instead.

> B. That the Appellant's proper Criminal History Category should have been calculated to be a IV instead of a VI.

## ANALYSIS

Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, [386 U.S. 738 (1967)]." When considering an *Anders* motion, we must "decide whether the case is wholly frivolous." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). Our inquiry is "twofold: (1) whether counsel adequately fulfilled [Rule 109.2(a)]'s requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id*. at 300.

"The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id*. "Counsel need not raise and reject every possible claim . . . [h]owever, at a minimum, he or she must" conscientiously examine the record for appellate issues. *Id*.

3

Here, counsel's brief is inadequate. The brief deals only with the two issues that Martinez himself apparently advanced as nonfrivolous. Although the brief is convincing that those issues are frivolous, there is no indication from the brief that counsel examined the record himself for other appellate issues. Counsel's motion states that he reviewed "the entire record for any other possible issues, and . . . found no issues of merit." But, under *Youla*, counsel's brief must *demonstrate* that he undertook such a review. *Id*. at 299 ("Presenting what amounts to a no-merit letter devoid of analysis will not suffice."); *see also United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000) ("[T]he brief at minimum must assure us that [counsel] has made a sufficiently thorough evaluation of the record to conclude that no further discussion of other areas of the case is necessary." (quoting *United States v. Tabb,* 125 F.3d 583, 585 (7th Cir. 1997)). Counsel's brief does not do so.

Nonetheless, we dismiss Martinez's appeal because it is patently frivolous. *See Youla*, 241 F.3d at 300 (stating that we should accept inadequate *Anders* briefs "in those cases in which frivolousness is patent"). Our own review of the transcripts of the plea colloquy and sentencing proceedings in the district court reveals no appealable issues. The district court scrupulously followed the requirements of Federal Rule of Criminal Procedure 11 by informing Martinez of all of his rights, establishing that the plea was voluntary, and establishing a factual basis for the plea. Similarly, the court's sentencing decision adhered to the Sentencing Guidelines. The court properly applied

4

U.S.S.G. § 4B1.4 because Martinez committed his six prior drug offenses "on different occasions." *See* § 4B1.4 cmt. n.1 (instructing courts to apply the enhancement when 18 U.S.C. § 924(e) applies). The court also properly determined that, under § 4B1.4(c)(2), Martinez's criminal history category was VI because he "possessed the firearm in connection with a crime of violence." According to the PSR, Martinez used the gun to rob a man. As the district court only needed to find that fact by a preponderance of the evidence, *United States v. Mack*, 229 F.3d 226, 232-35 (3d Cir. 2000), and we would apply a plain error standard of review because Martinez did not object to the criminal history category in the district court, *United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001), an appeal on this issue would be frivolous.[1]

## CONCLUSION

For the reasons stated above, Martinez's appeal will be **DISMISSED** pursuant to Third Circuit Local Appellate Rule 109.2(a) and the motion to withdraw will be **GRANTED.**

---

[1]We note that the criminal history category of VI was also warranted because, given his six prior convictions and the fact that he committed the instant offense while on probation, Martinez's total criminal history score was twenty. Under the sentencing table set forth in Chapter 5, Part A of the Sentencing Guidelines, any offender with more than thirteen criminal history points falls into criminal history category VI.

1